IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HOWARD ANDERSON LEE,

    Plaintiff,

  v.                                 No. CV 06-0906 BB/RHS

STATE OF NEW MEXICO
ADULT PROBATION DEPARTMENT,
ROSWELL SHERIFF'S DEPARTMENT,
THE STATE OF NEW MEXICO,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's amended civil rights complaint (the "complaint"). Plaintiff is a former prisoner who is proceeding pro se and in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the New Mexico Adult Probation Department, the State of New Mexico, and the Roswell Sheriff's Department as Defendants. In text of the complaint, Plaintiff also identifies Judge Freddie Romero as a Defendant. Plaintiff alleges that he entered into a plea agreement resolving state misdemeanor charges. He was never indicted for a felony. Later, when the case was assigned to Judge Romero, "the case was trump [sic] up to . . . fourth degree." Plaintiff was convicted and sentenced for a felony. He seeks an order vacating his conviction and sentence, and he requests damages.

To the extent Plaintiff seeks vacation of his conviction, he must file his claims under the habeas corpus statutes.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution." Petitioner's complaint states such a claim. Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Plaintiff's claims go directly to the validity of his conviction and must be brought as a 28 U.S.C. § 2254 petition, after the claims have been exhausted in the state courts. *See* § 2254(b). Plaintiff's claims for vacation of his conviction and sentence will be dismissed without prejudice.

Plaintiff's claims for damages are barred under the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

or sentence." *Id*. at 487. The complaint does not allege that Plaintiff's conviction or sentence has been set aside, *see id*. at 486-87, and thus his allegations of illegal conviction fail to state claims cognizable under § 1983. *See Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE